## LOCKE v. THE STATE.

On a trial for larceny, where the sentence depends upon the value of the property, the jury should be instructed not only to find a verdict of guilty or not guilty, but should also be directed to find the value of the property stolen.

Where the respondent was indicted for stealing a breast-pin, alleged to be of the value of ten dollars, and a watch, alleged to be of the value of one hundred dollars, and the evidence tended to show the property to be of a less value than that alleged, and the jury returned a general verdict of guilty, without finding the value of the property, and the court sentenced the prisoner as upon the value stated in the indictment — *held*, that the verdict was insufficient, and that the judgment should be reversed.

ERROR, brought to reverse a judgment of the Common Pleas, rendered at the September term, in this county, 1854.

The plaintiff in error was indicted for stealing one watch, alleged to be of the value of one hundred dollars, and one breast-pin, of the value of ten dollars, property of William H. Parsons.

To this indictment he pleaded " not guilty," and the jury returned a general, unqualified verdict of " guilty."   Thereupon the court sentenced the prisoner to hard labor in the State prison for the term of two and a half years, and that he pay costs of prosecution, taxed at $22,12.   The evidence tended to show the property to be of a less value than that alleged in the indictment.   To reverse the judgment, this writ of error was brought.

*S. H. Goodall*, for the plaintiff in error.

1. A general verdict of guilty is sufficient, only where there

is but one penalty for the offence, which is fixed, and there is no variation, according to the grade of the offence.

In actions where there are several grades to the offence, the verdict must set forth the grade or value. The verdict must set forth the value, in order to know whether it is grand or petit larceny of which the jury find the respondent guilty.

2. This verdict, if it can be considered as finding the value of the watch to be one hundred dollars, as alleged in the indictment, is against evidence, for all the value that was proved was ninety dollars, and that was all the evidence of value there was.

3. As there was no value found by the verdict, all the sentence that could have been legally passed was that of petit larceny. The finding of guilty generally does not fix the value of the property, any more than a general verdict of guilty in a case of trover or trespass fixes the value of the articles. And in such cases, unless the value of the property be clearly found, judgment can be rendered for only nominal damages; so here, the general verdict of guilty only finds the fact that the property was stolen; and as there was no finding of the value, no sentence could be inflicted; or at most, only a nominal sentence for the lowest grade of petit larceny.

*Hatch,* Solicitor for Rockingham County, for the State.

It was immaterial what was the exact value of the property, if it was above twenty dollars, and as to that there was no dispute.

The general verdict of guilty establishes the fact that the property was of the value of one hundred and ten dollars, as alleged in the indictment, or thereabouts. The jury, like all other men, are presumed to know the law. The charge in the indictment amounts to grand larceny. If the evidence had sustained it so far as to constitute petit larceny only, the presumption is that the jury would specially have found the fact.

The general verdict affirms the charge in all its material averments, and the stolen property is material to establish the grade of the offence, just as the averment of malice is material to

distinguish murder from manslaughter. If any view of the evidence could have justified such a finding, it was the privilege and duty of the prisoner to cause the attention of the jury to be called to the fact that the stolen property might be less than twenty dollars in value.

It is believed that the practice in this State has been uniform to require only a general verdict on indictments for grand larceny.

EASTMAN, J. It is contended by the plaintiff in error that the jury, having failed to find the value of the property, no judgment could be rendered upon their verdict; or, if any, that it should have been upon the supposition that the property was of nominal value only.

By § 13, chap. 215, of the Rev. Stat., it is provided that if any person shall steal, take and carry away, of the property of another, any money, bank bills, goods or chattels, &c., of the value of twenty dollars, he shall be punished by confinement to hard labor for a term not less than two years, nor more than five.

The 14th section provides, that if any person shall steal, take and carry away any property of another, &c., of a less value than twenty dollars, he shall be punished by imprisonment in the common jail not exceeding one year, and by fine not exceeding one hundred dollars, and shall be further sentenced to pay the owner treble the value of the property so stolen, deducting from such treble value the value of any part of said property that may be returned.

And the 17th section of the same chapter provides, that if any person shall be convicted of stealing, &c., excepting in cases where the treble value of the property is awarded, the owner of such property, upon such conviction, shall have judgment and execution in common form against such convict for the value thereof, deducting the value of such part as may be returned.

From an examination of these sections it is apparent that upon a general verdict of guilty the court cannot impose a full sentence and render such a judgment as is prescribed by the statute,

unless the verdict is to be treated as finding the value of the property at the sum alleged in the indictment. If the value is above twenty dollars, the owner may have his judgment for the same under the 17th section; and if under twenty dollars, he is entitled to treble its value. If, then, the value is not found, the sentence and judgment of the law cannot be carried out. The gist of the offence is the theft, but the value of the property is essential to be known in passing the sentence, and in giving full effect to the statute.

Is, then, a general verdict of guilty, such as was rendered in this case, sufficient? Are the court, from such a verdict, to presume that the jury have found the value of the property to be that stated in the indictment, and to pass their sentence accordingly? If so they will make a presumption, which, in most cases, is contrary to the fact, for it is well known that although the indictment must allege some value to the property, (Wharton's Cr. Law 184,) yet exact accuracy in this respect is never sought by the prosecuting officers, and the actual value is seldom, if ever, precisely stated.

In the present case, as appears by the exceptions filed and allowed, there was a controversy as to the ownership of the pin, and the court instructed the jury that that question was not material, for the reason that it was shown that the watch was of more than twenty dollars value, and that, if they found such to be the fact, they could return a general verdict of guilty. It is to be observed, also, that the evidence tended to show the watch to be of a less value than one hundred dollars.

To say, then, that the jury by this general verdict have found the property to be of the value of one hundred and ten dollars, would be to make a presumption which is no doubt contrary to the fact; and unless that can be done, how are the court to say what the value of the property was? And how could they pass a sentence and order a judgment that should conform to the law, unless the value was found?

We think that in cases of simple larceny, like the present, where the value is material, the jury should be instructed

not only to find a general verdict of guilty or not guilty, but should also be instructed to find the value of the property stolen: That it is only by such a finding that the court can know the value of the property, so as to pass a legal sentence and make up a legal judgment, and that this judgment, having therefore been rendered upon an insufficient verdict, must be reversed.