Nashua Municipal Court,
No. 4795.

STATE v. PHILIP ROBERTS.

Argued January 5, 1960.

Decided February 29, 1960.

*Louis C. Wyman,* Attorney General, *Conrad Danais,* county attorney, and *Irma A. Matthews,* Law Assistant (*Irma A. Matthews* orally), for the State.

*Leonard & Leonard (Mr. Richard W. Leonard* orally), for the defendant.

KENISON, C. J. The judicial approach in this state to scientific evidence generally and chemical tests for intoxication in particular was indicated in *State* v. *Reenstierna,* 101 N. H. 286, 287. In that case it was stated that the "utilization of probative methods developed by modern medicine and science as an aid for a judge or jury to determine disputed questions of fact has received hospitable recognition in this state by both judicial decision and statute." The legislative approach since 1949 is indicated by RSA 262:20 which provides that "the court may admit evidence of the amount of alcohol in the defendant's blood at the time alleged, as shown by a chemical analysis of his *breath,* urine, or other bodily substance." (Emphasis supplied). Laws 1949, *c.* 204, *s.* 1. The use of a breath test to determine intoxication was considered and allowed in *State* v. *Baron,* 98 N. H. 298, 299, where the "alcometer test" was employed.

While a blood test requires the services of a physician, or chemist or medical technician, an alcometer test may be made by a policeman with a reasonable amount of training and experience. Donigan, Chemical Tests and The Law (The Traffic Institute — Northwestern University 1957) *c.* VII and 1959 supplement; *City of Wichita* v. *Showalter,* 185 Kan. 181 (1959) ; 10 Syracuse L. Rev. 360 (1959). Although certain breath tests for determining intoxication may not have the same degree of accuracy as blood tests, "there is substantial scientific support for the reasonable reliability of such tests." McCormick, Scientific Evidence in Traffic Cases — Some Legal Problems, 4 So. Texas L. J. 193, 197 (1959) ; *City of Seattle* v. *Bryan,* (Wash.) 333 P. (2d) 680 (1958). Friedemann & Dubowski, Chemical Testing Procedures for the Determination of Ethyl Alcohol, 170 A. M. A. J., *pp.* 47-71 (May 2, 1959).

Whatever test for intoxication is employed, it does not have conclusive effect. The statute (RSA 262:20) specifically provides that it "shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether or not the defendant was under the influence of intoxicating liquor." In this respect our law is quite different from the Rhode Island statute (R. I. Acts and Resolves 1959, *c.* 101) which was enacted after the decision in *State* v. *Gregoire,* (R. I.) 148 A. (2d) 751 (1959) and which requires tests to be made under stringent conditions relating to methods, equipment and personnel approved and licensed by the State Department of Health.

In this state evidence does not have to be infallible to be admissible. If it is of aid to a judge or jury, its deficiencies or weaknesses are a matter of defense which affect the weight of the evidence but does not determine its admissibility. Scientific tests for intoxication should be no less trustworthy than the views of untrained laymen who have always been permitted to testify as to intoxication on the basis of sight, smell, speech and locomotion. *People* v. *Miller,* (Mich.) 98 N. W. (2d) 524 (1959). In this connection reference may be made to the authoritative work of the committee on medicolegal problems of the American Medical Association in the manual "Chemical Tests for Intoxication" (1959) which describes the various chemical tests, their operation and their acceptance by both courts and medical authorities.

The evidence in the present case is indefinite as to the extent and nature of the experience of the policeman who operated the alcometer. Furthermore, we do not know the nature of the

"adjustments" he made while the test was being conducted, nor their effect on the accuracy of the result. Whether the operator had sufficient knowledge and experience cannot be determined from the incomplete information in the record. It is for the Trial Court to determine on the basis of the evidence before it whether the operator of the alcometer was qualified by training or experience to operate it, and whether it was operated properly. Accordingly the order must be

*Remanded.*

All concurred.