Hillsborough,
No. 5788.

STATE

*v.*

ROBERT C. SLATER.

Argued September 5, 1968.
Decided January 31, 1969.

*George S. Pappagianis,* Attorney General, and *Henry F. Spaloss,* Assistant Attorney General (*Mr. Spaloss* orally), for the State.

*Leonard, Leonard & Prolman* (*Mr. David M. Prolman* orally), for the defendant.

GRIFFITH, J. This is an appeal from a conviction of operating a motor vehicle while under the influence of intoxicating liquor. The defendant's exceptions to admission of evidence, rulings of law and to the Court's charge were reserved and transferred on an agreed statement of facts by *Morris,* J.

The defendant's first exception is to the admission of the results of a blood test taken under RSA 262-A:69-a-j. The blood was withdrawn from defendant by a registered nurse and not a physician or medical laboratory technician as provided by RSA 262-A:69-i. In *State* v. *Groulx,* 109 N. H. 281, we held that this violation of the directions in RSA 262-A:69-i did not render the blood test inadmissible, and it follows that this exception must fail.

The agreed statement of facts recites that a preliminary hearing was held on the admission of the blood test evidence. Its prime purpose appears to have been to permit defendant to raise the objection disposed of above. The nurse who withdrew the blood did not testify at this hearing and defendant objected to the admission of her testimony at the trial for that reason. He cites no authority for this objection and has failed to show that the Trial Court erroneously admitted her testimony to his prejudice. *State* v. *Foster,* 80 N. H. 1, 6; *State* v. *Hedding,* 122 Vt. 379.

Defendant next objects that since the arresting officer testified that the defendant when observed by him was driving his car as an ordinary reasonable and prudent person would, he cannot be found guilty of operating his car while under the influence of intoxicating liquor. This argument confuses evidence and elements of the offense. Evidence of the defendant's actions and appearance both in and out of the car near the time of the offense is admissible to show his condition at the time he was operating the car. However, the offense is made out by evidence from which a jury could find that he was under the influence of intoxicating liquor at the time he was operating the car. He may have been operating his car well at the time he was observed, but the purpose of the statute is to prevent the operation of cars by persons under the influence of intoxicating liquor. Annot. 142 A. L. R. 555, 557; *State* v. *Rodgers,* 91 N. J. L. 212; *State* v. *Storrs,* 105 Vt. 180.

Defendant requested the Trial Court to charge the jury that in order to find the defendant guilty they must find that his ability to operate his automobile was impaired "to an appreciable degree" as a result of imbibing intoxicating liquor. The Court refused to use the word "appreciable" and instead charged the jury that if they found defendant's ability was impaired in "any degree" they might find him guilty.

The Trial Court's charge was a correct description of the requirement under our statute. There are no degrees of influence provided for in "under the influence of intoxicating liquor." It follows, therefore, that impairment to "any degree" is sufficient to constitute the offense. See Annot. 142 A.L.R. 555.

*Exceptions overruled.*

GRIMES, J., did not sit; the others concurred.