Hillsborough
No. 6539

STATE OF NEW HAMPSHIRE

v.

ROBERT N. MOODY

April 30, 1973

*Warren B. Rudman,* attorney general, and *David W. Hess,* assistant attorney general (*Mr. Hess* orally), for the State of New Hampshire.

*Clifford J. Ross,* by brief and orally for the defendant.

GRIFFITH, J.  Defendant was indicted for larceny of a generator of a value of $320 alleged to have occurred on January 8, 1972. Trial by jury resulted in a verdict of guilty of larceny of property of a value of one hundred dollars in violation of RSA 582:3 (Supp. 1972). Defendant excepted to the denial of his motions to dismiss and to set aside the verdict, both based upon a claim that the State had failed to establish a prima facie case on value. Defendant also excepted to that part of the trial court's charge instructing the jury that they might reject all dollar amounts testified to on value and make their own value determination. Defendant's exceptions were reserved and transferred by the Trial Judge, *Dunfey, J.*

Evidence at the trial on value was that the generator was purchased new on December 18, 1970, for $319.50 less a 10% discount; that defendant offered to sell it to a Steven Puciw for $125; that Puciw, without seeing the generator, offered $60 for it and purchased it from defendant for that amount the next day. Photographs of the generator were introduced in evidence and both defendant and Puciw testified as to its condition at the time of the sale.

This evidence was all relevant to a jury determination of the value of the property at the time of the larceny. "Such value is the market value, or the price which the property will bring in a fair market, after reasonable efforts have been made to find the purchaser who will give the highest price for it." *Company v. Gilford,* 67 N.H. 514, 517, 35 A. 945, 946 (1893); *State v. James,* 58 N.H. 67 (1877). The jury could properly consider the cost of the generator approximately one year before the larceny (*People v. Rose,* 19 Ill. 2d 292, 166 N.E.2d 566 (1960); *White v. Schrafft,* 94 N.H. 467, 471, 56 A.2d 62, 66 (1947); *Exeter-Hampton Mobile Home Village, Inc. v. State,* 106 N.H. 476, 213 A.2d 925 (1965)), and also consider the price at which defendant offered the generator for sale. *Moss v. Rocky Point Park, Inc.,* 81 R.I. 327, 103 A.2d

72 (1954). It follows that they were not required to accept as conclusive the price for which the defendant sold the generator a day after the larceny. The defendant's motions for dismissal and to set the verdict aside were therefore properly denied.

The instruction to the jury that they might reject all the figures as to valuation and make their own determination of fair market value was proper in the context of the charge as a whole. It was not an instruction that they could establish a valuation without reference to the evidence but merely told them that they were not bound to accept any figure named and could establish a valuation from all the evidence different in amount from those named. This was a correct and required instruction.

*Exceptions overruled.*

All concurred.