Hillsborough
No. 6791

STATE OF NEW HAMPSHIRE

v.

JEROME H. BELANGER

September 30, 1974

*Warren B. Rudman,* attorney general, and *David W. Hess,* assistant attorney general (*Mr. Hess* orally), for the State of New Hampshire.

*Kfoury & Williams* (*Mr. Joseph Williams* orally) for the defendant.

GRIMES, J. This appeal from convictions for grand larceny and for receiving stolen goods raises issues of the sufficiency of evidence to prove the value of a stolen item and of the legality of an "indeterminate" sentence which had a minimum of fifty-eight months and a maximum of sixty months. After trial to the court, defendant was found guilty and on December 15, 1972, was sentenced on each offense to not less than fifty-eight months or more than sixty months, which sentences were to run consecutively. Exceptions to denial of a motion to dismiss for insufficient proof of value of a stolen item and denial of a motion to vacate the sentences were reserved and transferred by *Cann, J.*

The facts are not contested on appeal in this case and are identical to those described in the appeal of defendant's accomplice, Roger Cote. *State v. Cote,* 113 N.H. 647, 312 A.2d 687 (1973). Both defendants were tried together and convicted of grand larceny under RSA 582:3 (repealed by Laws 1973, 532:26 XIII). On the night of July 25, 1972, ten or eleven spools of four-inch copper banding, which was to be used in a construction project, were stolen from radio station WGIR in Manchester. The stolen copper cost the radio station at least $615. On the morning of July 25, codefendant Cote, in the company of defendant Belanger,

sold what was identified at trial as the same copper banding to the Union Waste Company, a dealer in scrap metals, for $200 cash. Codefendant Cote signed a receipt for the money with the name "Peter Gunn."

Both defendants were also convicted of receiving stolen goods valued at over $100 in violation of RSA 582:10 (repealed by Laws 1973, 532:26 XIII). On July 24, 1972, Soule Associates of Manchester notified police that four of their business machines — an IBM Selectric typewriter, a Denion calculator, a 3-M photocopier and a Remington adding machine — had been stolen from their office. On the same morning as the sale of the copper, Cote drove Belanger to the latter's upholstery shop on Lincoln Street in order to pick up an adding maching. This machine was identified at trial as the one stolen from Soule Associates. Cote then drove Belanger to Car-Land Auto Body, Inc. and introduced him to Mr. Levine, the president of the company, who bought the machine from Belanger for $40. Levine paid for the machine by check which Belanger had him make payable to one William Laster.

The first issue raised on this appeal, which codefendant Cote waived in his appeal, *State v. Cote,* 113 N.H. 647, 649, 312 A.2d 687, 688 (1973), is the sufficiency of the evidence to prove value of the adding machine. The trier of fact must determine the fair market value of an item as of the time and place the item was stolen. *State v. Moody,* 113 N.H. 191, 304 A.2d 374 (1973). Where this value determines the degree of an offense such as grand larceny, it must be proved beyond a reasonable doubt, but any evidence from which the trier of fact can reasonably infer value is admissible. 2 F. Wharton, Criminal Evidence § 294 (13th ed. Torcia 1972). In this case the office manager for Soule Associates testified that the machine was purchased second-hand in January of 1972 for $150. It is likely that this reflected its fair market value at that time since the seller was a dealer in such equipment. The machine was used "continuously" and "heavily" for the next six months until stolen in July of 1972. Defendant Belanger testified that he "knew it was an expensive machine by looking at it." The machine itself was introduced into

evidence. The court could also consider that the machine brought $40 when sold under the pressure of fencing a "hot" item. Defendant contends that the machine might have depreciated in six months to be worth less than $100. He also contends that some witness should have testified to the value of the machine as of the date it was stolen. Considering the relatively short six-month period of depreciation and the slower depreciation rate for second-hand equipment, we think the State established a prima facie case of value and that the trier of fact had sufficient evidence from which to find that the machine was worth at least $100. *State v. Moody supra; Perkins v. Commonwealth,* 409 S.W.2d 294 (Ky. 1966); *People v. Dell,* 77 Ill. App. 2d 318, 222 N.E.2d 357 (1966).

Defendant's exception to his sentence poses a more weighty problem for the court. Sentencing has two purposes. Its immediate goal is the protection of society against the commission of future crimes, whether by the particular defendant being sentenced or by others whom the sentence is supposed to deter. *Compare State v. Streeter,* 113 N.H. 402, 308 A.2d 535 (1973) *and Pilot Institute on Sentencing,* 26 F.R.D. 231, 380 (1959). The ultimate goal of sentencing is to rehabilitate the offender — a goal as important to society as it is to the individual. *Pilot Institute on Sentencing, supra* at 379; *State v. Burroughs,* 113 N.H. 21, 300 A.2d 315 (1973); N.H. Const. pt. I, art. 18.

RSA 607:20 (repealed by Laws 1973, 370:44), which governed defendant's sentence, provided that the court "shall not fix the term of imprisonment, but shall fix a minimum and maximum term for which said convict may be held in prison". Thus at the time defendant was sentenced, trial judges had wide discretion in fixing the term of a sentence. In contrast, the new criminal code, which does not apply to this case as it became effective November 30, 1973, provides that the minimum sentence shall not exceed one-half the maximum. RSA 651:2 II (Supp. 1973). Nothing in the statutes at the time defendant was sentenced indicated any intention to limit the spread between the minimum and maximum sentences the trial judge could impose.

While the wisdom of such a short time for parole as is provided by these sentences might be questioned, we cannot

620

say on the record before us that they constituted an abuse of the broad discretion which was vested in the trial court by the then applicable statute. *State v. Streeter,* 113 N.H. 402, 308 A.2d 535 (1973); *State v. Kawa,* 113 N.H. 310, 306 A.2d 791 (1973).

*Exception overruled.*

All concurred.