722

Laconia District Court
No. 7252

STATE OF NEW HAMPSHIRE

v.

JOHN L. KUPETZ

December 31, 1975

*Warren B. Rudman,* attorney general, *Gregory H. Smith* and *Thomas D. Rath,* assistant attorneys general *(Mr. Rath* orally), for the State.

*Wescott, Millham & Dyer (Mr. Rodney N. Dyer* orally) for the defendant.

GRIFFITH, J. The defendant in this case was charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of RSA 262-A:62 (Supp. 1975). The Court, *Snierson,* J., transferred under the provisions of RSA 502-A:17-a (Supp. 1975) the question of whether the results of a breathalyzer test are admissible when the test is administered by the arresting officer.

RSA 262-A:69-a (Supp. 1975), the implied consent law, provides that a law enforcement officer having reasonable grounds to believe an arrested person was operating a car while under the influence of intoxicating liquor can require the person to submit to blood, urine or breath tests at the officer's direction. While blood tests are not administered except in conformity with the mandatory requirements of RSA 262-A:69-i (Supp. 1975) (*See State v. Gillis,* 114 N.H. 417, 321 A.2d 576 (1974); *State v. Gallant,* 108 N.H. 72, 227 A.2d 597 (1967)) breathalyzer tests are commonly adminis-

tered by law enforcement officers certified for this purpose by the director of the division of public health. RSA 262-A:69-i III (Supp. 1975). RSA 262-A:69-a (Supp. 1975) contemplates that law enforcement officers shall administer breathalyzer tests since it provides that the results of such tests will be "[f]urnished immediately in writing to the person tested by the law enforcement officer conducting the test."

The statute authorizing breath tests contains no language from which it can be implied that the law enforcement officer administering the test may not be the arresting officer providing he is properly certified. *State v. Stauffer,* 266 N.C. 358, 145 S.E.2d 917 (1966), relied upon by the defendant, dealt with a statute containing an express provision that "[i]n no case shall the arresting officer or officers administer the test." *Id.* at 359, 145 S.E.2d at 918. The case lends no support to defendant under our statute, which contains no such prohibition either express or implied.

We cannot accept the argument of the defendant that due process requires the rejection of evidence of breath tests made by the arresting officer. While we are not convinced that an arresting officer would be less impartial than a nonarresting officer, the result of the breathalyzer test depends on whether the machine is properly operated in accordance with prescribed procedures. The results of the machine tests are not affected by the officer's opinion as to the sobriety of the subject. *See State v. Larochelle,* 112 N.H. 392, 396, 397, 297 A.2d 223, 226 (1972).

*State v. Arsenault,* 115 N.H. 109, 336 A.2d 244 (1975), held competent the testimony of arresting officers as to the results of field sobriety tests they conducted with defendants prior to arrest. Such tests were of course much more dependent upon the personal observation of the officer than breathalyzer tests and therefore subject to a charge of bias on the part of the arresting officer. Admitting that the field sobriety results do not possess the scientific reliability of a breathalyzer test, we noted that "'[i]n this [S]tate [however] evidence does not have to be infallible to be admissible. If it is of aid to a judge or jury, its deficiencies or weaknesses are a matter of defense which affect the weight of the evidence but does not determine its admissibility.' *State v. Roberts,* 102 N.H. 414, 416, 158 A.2d 458, 460 (1960)." *State v. Arsenault,* 115 N.H. at 111, 336 A.2d at 246.

*Remanded.*

All concurred.