Merrimack District Court
No. 7184

STATE OF NEW HAMPSHIRE

v.

DAVID L. SLAYTON

October 29, 1976

*David H. Souter,* attorney general, and *Edward N. Damon,* assistant attorney general *(Mr. Edward A. Haffer* orally), for the State.

*Holland & Aivalikles (Mr. Francis G. Holland* orally) for the defendant.

BOIS, J.   The defendant was charged with the operation of a motor vehicle while under the influence of intoxicating liquor. RSA 262-A:62 (Supp. 1975).

At approximately 7:10 p.m., on December 22, 1974, the defendant, David L. Slayton, was parked in the breakdown lane of the Merrimack portion of the F.E. Everett Turnpike, a short distance from the toll booths. A State police officer patrolling in the then

moderate to heavy traffic on the turnpike, pulled to the side of the road to render any necessary aid. As the officer pulled over, the vehicle started to move and then stopped again. Upon approaching the vehicle on foot, the officer observed that Slayton had glassy eyes and a faint odor of alcohol and that he had difficulty in opening an envelope containing his license. On being asked to step out of his vehicle, the defendant was uncertain and had some difficulty in standing and walked in a rather jerky manner. The officer thereupon arrested the defendant on the charge of operating a motor vehicle while under the influence of an intoxicating beverage. The defendant was not charged with any other violation or crime.

The above facts, the officer's testimony concerning sobriety tests as well as the results of a breathalyzer test later given the defendant were presented by the prosecution at the trial in the district court.

At the close of the State's case, the defendant moved to dismiss the charge citing three grounds: (1) The arresting officer had no authority to act on the Merrimack portion of the turnpike; (2) a breathalyzer test was unwarranted inasmuch as the defendant was arrested solely for the offense of driving under the influence and (3) the State's evidence was deficient in that the arresting officer did not offer any opinion testimony that the defendant was intoxicated.

The District Court (Pingree, J.) transferred these questions to this court without ruling.

## I.

Defendant's contention that the arresting State police officer was without authority to act is premised on RSA 106-B:15. The statute provides in part that State police "shall not act within the limits of a town having a population of more than 3,000 or of any city, except when he witnesses a crime . . . ." It is undisputed that Merrimack is a town of more than 3,000 and that the officer had not yet witnessed a crime when he approached the defendant's vehicle.

As we note in State v. Kolocotronis, 116 N.H. 611, 367 A.2d 577 (1976), decided this day, RSA 106-B:15 restricts the locus of State police activity in order to promote harmony among the various police authorities and insure the efficient use of the State police. See State v. Bennett, 116 N.H. 433, 362 A.2d 184 (1976).

The officer, in his approach to the defendant, was intent only on rendering aid to an apparently disabled motorist. Such efforts do not pose any substantial prospect of competitive friction with local police authorities, and police efficiency is obviously served by rendering highway aid at the first opportunity. Thus, whatever the precise scope of RSA 106-B:15, we hold that it has no application to the rendering of assistance by a disinterested officer to a disabled motorist.

## II.

The second contention is that the statutorily implied consent of a motorist to a breathalyzer test (RSA 262-A:69-a (Supp. 1975)) is invoked only upon the motorist's being arrested for some offense in addition to and apart from driving under the influence. Since no offense apart from driving under the influence is involved in the instant case, defendant argues that the results of the breathalyzer test must be suppressed.

Defendant's suggestion is apparently derived from a literal reading of the statute, which provides for implied consent to chemical testing if the motorist is "arrested for any offense arising out of acts alleged to have been committed while the person was driving... under the influence of intoxicating liquor ...." The argument urged upon us is that the defendant must have been arrested for some crime other than that of driving under the influence of liquor.

We are not disposed to adopt defendant's literal interpretation of the statute when to do so would lead to an absurd result. *Saide v. Helgemoe, Warden,* 116 N.H. 640, 365 A.2d 1043 (1976), decided this day; *Doe v. State,* 114 N.H. 714, 328 A.2d 784 (1974).

Our judgment in this regard is buttressed by the clear implication of our prior cases. *See, e.g., State v. Martin,* 116 N.H. 47, 351 A.2d 52 (1976); *State v. Kupetz,* 115 N.H. 722, 350 A.2d 335 (1975); *State v. Slater,* 109 N.H. 279, 249 A.2d 692 (1969). Moreover, we are not persuaded by defendant's argument that the failure to so restrict chemical testing will lead to abusive police practices.

## III.

Defendant's final contention is that the State's proof is fatally deficient in that the arresting officer failed to give any opinion

testimony as to the defendant's state of intoxication. The arresting officer did testify as to numerous signs of intoxication exhibited by the defendant, as well as offering the results of the breathalyzer test.

The offense of driving under the influence is made out by evidence from which the trier of fact could find that the motorist was intoxicated. *State v. Slater,* 109 N.H. 279, 280, 249 A.2d 692, 693 (1969). While lay opinion testimony as to state of intoxication has always been admissible, *State v. Arsenault,* 115 N.H. 109, 112, 336 A.2d 244, 246 (1975), there is nothing wrong in leaving the decision on this issue to the trier of fact upon the evidence presented.

*Exceptions overruled.*

All concurred.