Original
No. 7459

JOHN P. SHEA ON BEHALF OF RICHARD GEORGE SAIDE

v.

RAYMOND A. HELGEMOE, WARDEN, NEW HAMPSHIRE STATE PRISON

October 29, 1976

*John P. Shea,* by brief and orally, for the plaintiff.

*David H. Souter,* attorney general, and *James L. Kruse,* assistant attorney general *(Mr. Kruse* orally), for the defendant.

KENISON, C.J.   The plaintiff, Richard G. Saide, was indicted for transporting a controlled drug into the State with an intent to sell

or dispense contrary to the provisions of RSA ch. 318-B (Supp. 1975). He entered a plea of guilty to the charge. Before sentencing the plaintiff, *Flynn,* J., sua sponte questioned the validity of the charge because the language of the indictment was taken from the penalties section of the drug statute, RSA 318-B:26 (Supp. 1975), and not the prohibited acts section, RSA 318-B:2 (Supp. 1975). The judge gave Mr. Saide, in the presence of counsel, an opportunity to withdraw his guilty plea but he declined. He was then sentenced to not more than fifteen years nor less than five years at the New Hampshire State Prison.

RSA 318-B:2 (Supp. 1975) entitled "Acts Prohibited" provides in part that "[i]t shall be unlawful for any person to manufacture, possess, have under his control, sell, purchase, prescribe, administer, dispense, or compound any controlled drug...." RSA 318-B:26 (Supp. 1975) entitled "Penalties" provides in part as follows: "I. Any person who... (a) Manufactures, sells, prescribes, dispenses, compounds, *transports with intent to sell or dispense,* offers or gives or administers to another person any... [c]ontrolled drug other than a narcotic drug shall be guilty of a class A felony...." The plaintiff claims that, because transportation of a controlled drug with intent to sell or dispense is not included within the "Acts Prohibited" section, it is not proscribed conduct. At the end of oral argument, counsel for the plaintiff stressed that he was making only a statutory construction argument; he was not arguing that the indictment or the statute failed to give the plaintiff sufficient notice of the proscribed conduct. Thus, we need not consider any constitutional issues that might have been raised by this case. *Copp v. Henniker,* 55 N.H. 179, 203 (1875); *see Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 346-48 (1936) (Brandeis, J., concurring).

The plaintiff argues that sloppy draftsmanship accounts for the legislature's failure to write the relevant language into the "Acts Prohibited" section and urges this court not to compensate for the oversight by reading the indictment and penalty language into that section. However, such action is unnecessary. In *State v. Parker,* 109 N.H. 491, 256 A.2d 159 (1969), we held that the imposition of a penalty constitutes the equivalent of an express prohibition of the act in question. The plaintiff takes the position that *Parker* is distinguishable because the statute involved in that case had no "Acts Prohibited" section. This distinction is not significant. By making the transportation of a controlled drug with intent to

sell or dispense a felony, the legislature clearly intended to proscribe the conduct. To hold otherwise would lead to an absurd and illogical result. *Doe v. State,* 114 N.H. 714, 328 A.2d 784 (1974).

*Petition dismissed.*

BOIS, J., did not sit; the others concurred.