Hillsborough
No. 84-581

THE STATE OF NEW HAMPSHIRE

v.

KEVIN P. GRAY

October 24, 1985

*Stephen E. Merrill,* attorney general (*John A. Malmberg,* assistant attorney general, on the brief, and *Andrew L. Isaac,* assistant attorney general, orally), for the State.

*Cullity and Kelley,* of Manchester (*John C. Boeckeler* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

The defendant appeals his conviction of disposing of stolen property. *See* RSA 637:7. Because the State failed to prove the value of the property involved, we reverse.

On the night of January 15, 1984, Gerald Morton left his Ski-Doo Citation snowmobile parked in the front yard of his Hooksett residence. The following morning the snowmobile was gone. Morton immediately notified the Hooksett police of the apparent theft.

On January 19, 1984, the defendant sold a Ski-Doo Citation snowmobile to one Marcel Blondeau for $25. Blondeau had alerted the Manchester police shortly before the transaction took place. When the police arrived at the scene of the sale, Blondeau showed the snowmobile to the investigating officer, David Bourget. Officer Bourget examined the machine, noted that its ignition had been punched out, and recorded its serial number.

The police arranged for a wrecker from Dan's City Auto Body of Manchester to remove the snowmobile and informed Morton that his machine had been recovered. Morton then went to Dan's City Auto Body, identified a snowmobile on the premises as his, noticed damage to its ignition similar to that which Officer Bourget had observed, and reclaimed his property.

The indictment alleged that the defendant sold a snowmobile "belonging to . . . Gerald Morton" valued at more than $1000. At trial, at the close of the State's case, the defendant moved for a directed verdict of acquittal on the ground that there was no evidence from which the jury could find beyond a reasonable doubt that the snowmobile sold by the defendant was the snowmobile stolen from Morton. The Superior Court (*Flynn,* J.) denied this motion. After the jury returned a verdict of guilty, the defendant moved, on the same ground, to have the verdict set aside. The court again denied the motion.

Although proof of the true owner's identity is not an element of the offense, on the record before us proof of ownership was essential to proof of the value of the snowmobile.

■ In theft cases brought under RSA chapter 637, the degree of the offense depends cn the value of the property involved. *See* RSA 637:11 (1974 & Supp. 1983). The effect of the indictment's allegation of value in this case was to charge the defendant with a class A felony. *See id.* The State had the burden of proving the value of the property beyond a reasonable doubt. *See State v. Belanger,* 114 N.H. 616, 618, 325 A.2d 789, 791 (1974).

The evidence did not show that the snowmobile the defendant sold to Blondeau was identical to the machine that Morton owned. The State inexplicably failed to use the simple means available to it to establish this link in the chain of proof. The police did not accompany the recovered vehicle from the scene of the sale to Dan's City Auto Body. Officer Bourget was not present when Morton reclaimed his machine at the garage. At the trial no one from the garage testified that the snowmobile Morton identified as being his was the machine that had been towed from the scene of the sale. The State offered no evidence that the serial number recorded by Officer Bourget was identical to that of Morton's snowmobile.

Hence the only evidence of value before the jury pertained to *Morton's* snowmobile. The State did not establish the value of the snowmobile that the defendant sold to Blondeau. Because the State failed to prove that Morton's machine was identical to the one recovered from Blondeau, the value of the latter machine remains a matter of conjecture.

■ No rational trier of fact could have found proof beyond a reasonable doubt of the value of the snowmobile sold to Blondeau. The defendant's conviction cannot stand. *See Locke v. State,* 32 N.H. 106 (1855).

*Reversed.*