Merrimack
No. 86-002

THE STATE OF NEW HAMPSHIRE

v.

TERRY L. HAMMELL

December 8, 1986

*Stephen E. Merrill,* attorney general (*Kathleen A. McGuire,* attorney, on the brief), by brief for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief for the defendant.

JOHNSON, J.  The defendant was indicted on a Class A felony charge of receiving stolen property, RSA 637:7, II, :11, I, and was convicted by a jury in the Superior Court (*Bean,* J.) of a Class B felony, RSA 637:7, :11, I. He appeals his conviction on the ground that the trial court should not have admitted evidence of the value of the stolen car after repairs had been made. We affirm.

On July 2, 1985, Andrew Hall reported to work at 7:00 a.m. and parked his car, with the keys in it, on Court Street in Concord. He noticed at approximately 9:30 a.m. that the car was missing, and reported that fact to the Concord Police Department.

Later that same day, a police officer in Canterbury saw a vehicle which matched the description of the Hall vehicle. The officer followed the car, stopped it and determined that it was Hall's missing automobile. The defendant was driving the car.

At the time the car was stolen, there was a large dent in the left front door and the rear quarter panel. Approximately three weeks after the car had been recovered, Mr. Hall had repair work done, including the repair of the dent in the left side of the car. He later had a new muffler installed. The total cost for all the repair work was about $1,235. In October, after all the repair work had been done, the car was examined in order to determine its present value. The value at that time was determined to be $1,100.

Prior to trial, the defendant moved to exclude evidence of the present value of Mr. Hall's car, stating that since there was damage to the car prior to the theft, the present value of the car was not relevant to prove its value at the time that it was stolen. The motion was denied. There was no appraisal of the value of the car prior to the repairs being made.

The defendant was indicted for receiving stolen property, a Class A felony. The State asserted in its indictment that the victim's 1979

Oldsmobile Omega was in excess of $1,000 in value, thus making the alleged crime a Class A felony. The jury returned a verdict of guilty of a Class B felony. The jury, by its verdict, determined that the value of the vehicle at the time it came into the possession of the defendant was greater than $500 but not more than $1,000. *See* RSA 637:11, II(a).

During the course of the trial, which commenced on November 5, 1985, Kenneth Kruger of Fiermonti Oldsmobile in Concord, was called to testify as to value. Mr. Kruger had first examined the vehicle on October 30, 1985, after substantial repairs had been made. Mr. Kruger estimated the value of the vehicle to be $1,100 as of October 30. He based this estimated value on the National Automobile Dealers Association (N.A.D.A.) Used Car Guide, as well as personal observation of the general condition of the car.

Mr. Hall testified that he had paid $4,000 for the car in July, 1983, and that the condition of the car had not changed materially since its purchase, except for the dent in the side of the vehicle, which did not affect the car's operation, and except for the higher mileage and the usual wear and tear associated with driving the vehicle. Mr. Hall testified that the car was running well, had no rust on it, and passed its last inspection without problem.

■■  The defendant's sole argument on appeal is that Mr. Kruger's testimony relating to the value of the victim's car was not relevant to the value of the car on the day of the theft, N.H. R. Ev. 401, 402. "Evidence is relevant if it tends in any way to establish a proposition which is of consequence in [the] action." *State v. Leuthner*, 124 N.H. 638, 641, 474 A.2d 1029, 1030 (1984) (quoting *State v. Dustin*, 122 N.H. 544, 546, 446 A.2d 1186, 1188 (1982)). This court has consistently held that whether evidence is relevant, and thus admissible for that reason, is within the sound discretion of the trial court. *See State v. Brooks*, 126 N.H. 618, 625, 495 A.2d 1258, 1263 (1985).

■  It is clear that the value of the victim's car at the time of the offense is determinative of the degree of the offense of which the defendant can be convicted. The jury is free to make its findings after assessing all the evidence presented during the course of the trial. The evidence of each witness was relevant in that it tended "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.H. R. Ev. 401.

The jury had before it the evidence of Mr. Kruger as to the value of the vehicle on the date he appraised it. In addition, Mr. Hall had given the jury evidence from which reasonable inferences as to value could be drawn.

■■ When the State must prove the value of goods to bring a crime within the ambit of a particular criminal statute, "any evidence from which the trier of fact can reasonably infer value is admissible." *State v. Belanger*, 114 N.H. 616, 618, 325 A.2d 789, 791 (1974). The State may, as it did in this case, present evidence as to the value of the goods at a time prior to the offense and the value of the goods at a time after the offense. If the goods have appreciated through repairs, as in this case, or depreciated, the jury may take this evidence into account in finding the value of goods beyond a reasonable doubt. It ultimately becomes a matter of fact for the jury to determine what was the value of the goods on the date of the crime. The weight to be given to any and all evidence "is the very essence of a jury's function." *State v. Sands*, 123 N.H. 570, 590, 467 A.2d 202, 214 (1983).

In a similar case in which the value of the item stolen was at issue, *State v. Moody*, 113 N.H. 191, 304 A.2d 374 (1973), the trial court allowed evidence as to the original amount paid for the generator one year before the theft, the amount for which the defendant first offered to sell the generator and the amount he later received for the goods. The court stated, "[t]his evidence was all relevant to a jury determination of the value of the property at the time of the larceny." *Id.* at 192, 304 A.2d at 375. The defendant excepted to that part of the trial court's charge instructing the jury that they might reject all dollar amounts testified to on value and make their own determination. In *Moody* the court concluded,

> "The instruction to the jury that they might reject all the figures as to valuation and make their own determination of fair market value was proper in the context of the charge as a whole. It was not an instruction that they could establish a valuation without reference to the evidence but merely told them that they were not bound to accept any figure named and could establish a valuation from all the evidence different in amount from those named. This was a correct and required instruction."

*Id.* at 193, 304 A.2d at 375.

■■ The jury, based on the testimony presented by the State, impliedly found that the vehicle had a value on July 2, 1985, of more than $500 but not more than $1,000. The fact that Mr. Kruger could not give his opinion as to the value of the vehicle on the date of the theft does not render it lacking in relevance to the jury. This fact simply goes to the weight of this evidence. "In this state evidence does not have to be infallible to be admissible. If it is of aid to a

judge or jury, its deficiencies or weaknesses are a matter of defense which affect the weight of the evidence but does not determine its admissibility." *State v. Roberts*, 102 N.H. 414, 416, 158 A.2d 458, 460 (1960).

Accordingly, the defendant's conviction is affirmed.

*Affirmed.*

All concurred.