# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0200, <u>State of New Hampshire v. James Lagerberg</u>, the court on February 24, 2017, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, James Lagerberg, appeals his conviction, following a jury trial in Superior Court (<u>Kissinger</u>, J.), on a class A felony charge of theft of a car by unauthorized taking or transfer, <u>see</u> RSA 637:3, :11 (2016). He contends the evidence was insufficient to prove that: (1) he "had a purpose to deprive [the owner] of her car"; and (2) "the value of the car exceeded $1500." He raises these arguments as plain error. <u>See</u> <u>Sup. Ct. R.</u> 16-A.

Under the plain error rule: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. <u>State v. Pennock</u>, 168 N.H. 294, 310 (2015).

When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences from it in the light most favorable to the State. <u>State v. Sanborn</u>, 168 N.H. 400, 412 (2015). The defendant bears the burden of demonstrating that the evidence was insufficient to prove guilt. <u>Id.</u> When reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation. <u>Id.</u> at 413. Further, the trier of fact may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom. <u>Id.</u> Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is <u>de</u> <u>novo</u>. <u>State v. Cable</u>, 168 N.H. 673, 677 (2016).

RSA 637:3, I, provides: "A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof." RSA 637:2, III(c) (2016) defines "purpose to deprive" to include "dispos[ing] of the property under circumstances that make it unlikely that the owner will recover it."

The defendant first argues that the evidence was insufficient to support a finding that he acted with a purpose to deprive the car's owner of her property because "it was virtually inevitable that [the owner] would be able to recover [her car]." He reasons that: (1) he did not give the buyer the owner's license plates or the title so the buyer could not drive or register the car; (2) "[t]hus, it was virtually inevitable that [the buyer] would report these events to the police"; (3) "the police would use the vehicle identification number to identify [the owner]"; and (4) "the police would notify [the owner] of the car's location."

However, as the State notes, in both his opening statement and closing argument, the defendant emphasized that he did not know that a title was required to transfer ownership of a car. The defendant's father testified that, after the defendant sold the car, the father told the defendant that he could not sell a car without the title. Similarly, the chief of police, who investigated the transaction, testified that the defendant told him that the defendant "didn't know he needed a title." Based upon this testimony, the jury could have reasonably inferred that the defendant thought his sale of the car was effective and that he, therefore, believed that he was "dispos[ing] of [the car] under circumstances that ma[de] it unlikely that the owner [would] recover it," RSA 637:2, III(c).

Accordingly, we conclude that a rational trier of fact, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State, could have found, beyond a reasonable doubt, that the defendant acted with the purpose to deprive the car's owner of her property. See Sanborn, 168 N.H. at 412.

We next address whether the evidence was sufficient to support the jury's finding that the car's value exceeded $1,500. When the value of an item stolen determines the degree of the offense, the trier of fact must determine beyond a reasonable doubt the item's fair market value at the time and place it was stolen. State v. Belanger, 114 N.H. 616, 618 (1974). The State may rely upon circumstantial evidence. State v. Paris, 137 N.H. 322, 327 (1993). Any evidence from which the trier of fact can reasonably infer value is admissible. Id. The evidence need not be "infallible" because determining the weight given a particular piece of evidence is the very essence of a jury's function. Id.

In this case, by finding the defendant guilty of a class A felony, the jury necessarily found that the car was worth more than $1,500. See RSA 637:11, I(a). The defendant testified that he bought the car for $3,000. Although the jury determined that the defendant had not bought the car, it could consider his assessment of its value. See State v. Schonarth, 152 N.H. 560, 563 (2005) (stating jury free to accept or reject witness's testimony in whole or in part). The car's buyer testified that he paid the defendant $2,000 for it.

The defendant argues that these prices do not necessarily represent "the fair market value for the car" and that other cases have included evidence of the

2

price the owner originally paid for the item.  See Belanger, 114 N.H. at 618; State v. Moody, 113 N.H. 191, 192 (1973).  However, the evidence need not be infallible.  Paris, 137 N.H. at 327.  Moreover, the mere fact that the State introduced a specific type of evidence of an item's value in a prior case does not mean that such evidence is required to carry the State's burden in every case.

Accordingly, we conclude that a rational trier of fact, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State, could have found, beyond a reasonable doubt, that the value of the car exceeded $1,500.  See Sanborn, 168 N.H. at 412.  Thus, there was no error, plain or otherwise.  See Pennock, 168 N.H. at 310 (stating that there must be error to have plain error).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**