Nashua District Court
No. 6827

## STATE OF NEW HAMPSHIRE

v.

## RONALD MAYNARD

July 30, 1974

*Warren B. Rudman*, attorney general, and *Thomas D. Rath*, assistant attorney general, by brief, for the State of New Hampshire.

*Prolman & Holland*, by brief, for the defendant.

GRIMES, J.   The issue in this case is whether a police officer may properly stop a motor vehicle when he honestly and

reasonably believes the driver may be suffering from a health problem.

Defendant was charged and convicted of operating a motor vehicle while under the influence of intoxicating liquor in violation of RSA 262-A:62 (Supp. 1973). He made an oral motion to dismiss the case on the ground that his constitutional rights under both the New Hampshire and the United States Constitutions had been violated when he was stopped while driving his vehicle. The question raised by the defendant's motion was transferred by *Harkaway*, J., on an agreed statement of facts.

It has been agreed that on August 7, 1973, at about 12:50 a.m., a Nashua police officer noticed defendant's vehicle proceeding north on Main Street and that it was traveling at a fast rate of speed and "appeared to come to a somewhat quick slowing down when the police vehicle would have first been visible." As the vehicle proceeded, the police officer followed it and "noticed it swerved one time within the defendant's own lane without crossing any of the lines." The officer stopped the vehicle. It is further agreed "the officer testified that he had no suspicion that the defendant had committed any crime or was about to commit a crime and that he was not in the midst of a routine check of license or registration and the officer was not about to issue a warning or make an arrest for any violation. The officer testified that he felt there might be something physically wrong with the driver of the vehicle and that was the reason for which the vehicle was stopped."

Defendant contends that the evidence leading to his being arrested and charged with a violation of RSA 262-A:62 (Supp. 1973) was obtained when he was being illegally detained and that the evidence is inadmissible against him under *Mapp v. Ohio*, 367 U.S. 643 (1961), and *Terry v. Ohio*, 392 U.S. 1 (1968). *See also Davis v. Mississippi*, 394 U.S. 721 (1969).

In our opinion this case is governed by *State v. Severance*, 108 N.H. 404, 237 A.2d 683 (1968). There the court quoted the following language from *Myricks v. United States*, 370 F.2d 901, 904 (5th Cir. 1967): "The State can practice preventative therapy by reasonable road checks to ascertain whether man and machine meet the legislative determination of fitness . . . .

The purpose of the check is to determine the present, not the past: *is* the car, *is* the driver now fit for further driving?"

In *Severance* the police were conducting a road check in which they were stopping all vehicles proceeding in one direction. It was when the Severance car was thus stopped that the police discovered evidence of intoxication. It was held that such checks violated no constitutional rights so long as they are not used as a subterfuge for uncovering evidence of other crimes and that evidence of other crimes coming into view while conducting such good-faith check is admissible.

Certainly if officers may in good faith conduct a road check for the purpose of determining the fitness of drivers, they may so do when they in good faith reasonably believe that the driver of a particular vehicle may be ill and physically unfit to drive. The key, however, is whether the officer acted reasonably and in good faith and not by subterfuge to obtain evidence of a crime. The burden was on the prosecution to prove reasonableness and good faith.

*Defendant's exceptions overruled.*

All concurred.