Nashua District Court
No. 7142

STATE OF NEW HAMPSHIRE

v.

DONALD LANDRY

May 29, 1976

*David H. Souter,* attorney general, and *Edward N. Damon,* attorney *(Mr. Damon* orally), for the State.

*Holland & Aivalikles (Mr. Francis G. Holland* orally) for the defendant.

LAMPRON, J. The defendant was tried for a violation of RSA 262-A:62 (Supp. 1975) (driving while intoxicated) and found guilty subject to the resolution of his oral motion to dismiss. This motion was based on the ground that the police officer failed to state any cause for the original stop of the defendant's vehicle and therefore failed to show probable cause to stop and eventually arrest the defendant. The question of law raised by this motion was reserved and transferred by *Harkaway,* J., on an agreed statement of facts.

The parties agreed as follows: "The arresting officer testified that on December 24, 1974 at 0034 hours [12:34 a.m.] he saw a red van being driven in a Southerly direction on the F. E. Everett Turnpike in the right hand [travel] lane near exit #4. The van was proceeding with jerky motions, making abrupt changes within the right hand lane. The van then made a left turn into exit #3, the turn being made from the right hand lane across the passing lane. Thereafter, the officer pursued the van and subsequently arrested and charged the defendant with [a] violation of RSA 262-A:62 (Supp. 1975). The defendant was not charged with any other offense, nor was there a warning for any other offense given to the defendant. The officer did not testify that he believed the operator of the car to be ill before making the stop."

Defendant's motion raises the issue of whether a police officer must state the specific cause why he stopped a vehicle in order to justify probable cause to stop and make an eventual arrest. This court held in *State v. Maynard,* 114 N.H. 525, 323 A.2d 580 (1974), that a police officer may lawfully stop a motor vehicle when he reasonably and in good faith believes that the driver may be ill and physically unfit to drive. In *State v. Severance,* 108 N.H. 404, 237 A.2d 683 (1968), we also held that a motor vehicle can lawfully be stopped in a road check for the good faith purpose of inspecting motor vehicle licenses and registration certificates so long as the road check is not used as a subterfuge for uncovering evidence of other crimes. In this case, we are dealing with the stopping of a single motor vehicle for an investigative check.

When a police officer stops a motor vehicle, he has "seized" it and its occupants within the purview of the fourth amendment to the Federal Constitution. *Terry v. Ohio,* 392 U.S. 1, 8, 9 (1968); *United States v. Brignoni-Ponce,* 422 U.S. 873, 878 (1975); *People v. Ingle,* 36 N.Y.2d 413, 418, 330 N.E.2d 39, 43, 369 N.Y.S.2d 67, 72-73 (1975); *Commonwealth v. Swanger,* 453 Pa. 107, 111, 307 A.2d 875, 877 (1973). If the stop in this case was valid, the defendant apparently does not question that the ensuing arrest and conviction were proper. If the stop was invalid, defendant properly maintains that the evidence gathered thereby was not admissible to convict him. *People v. Ingle, supra* at 421, 330 N.E.2d at 43, 369 N.Y.S.2d at 75.

As in all cases under the fourth amendment, the reasonableness of such a seizure depends on the balance between the public interest in law enforcement and the individual's right to personal security free from arbitrary action by law officers. *Terry v. Ohio,*

392 U.S. at 20, 21. More specifically in a case like this one the competing considerations are the State's compelling interest in maintaining safety on the public highways and the motorist's reasonable expectation of privacy when he is traveling on these highways in his automobile. *State v. Severance,* 108 N.H. 404, 407, 237 A.2d 683, 685 (1968).

Events such as those with which we are dealing here necessarily demand quick action predicated upon on-the-spot observations of the officer in the patrol car. Advance judicial approval of the action to be taken cannot be sought. However, probable cause to stop the automobile must be present. *State v. Greely,* 115 N.H. 461, 464, 465, 344 A.2d 12, 14, 15 (1975). "In justifying the particular intrusion the police officer must be able to point to specific and articulable facts which taken together with rational inferences from those facts reasonably warrant the intrusion." *Terry v. Ohio,* 392 U.S. 1, 21 (1968). In this manner, the conduct of the officer can be subjected "to the detached, neutral scrutiny of a judge who must evaluate the reasonableness of a particular search or seizure in light of the particular circumstances." *Id.*

This does not mean, as the defendant seems to contend, that as a precondition to a finding of probable cause to make an investigative stop the officer must testify to a specific charge he had in mind when he pursued and stopped the particular vehicle. Carrying this argument to its logical conclusion, one could argue that if the police officer in this case initially suspected that the defendant's erratic driving was caused by the influence of drugs instead of by the influence of alcohol, as it turned out to be the case, the officer could not justify the initial stop and subsequent arrest.

Obviously the nature and the degree of intrusion into the zone of personal privacy protected by the fourth amendment vary depending upon whether the police conduct is a stop, an arrest, or a search. Consequently, the facts and circumstances which will be necessary to support a finding of probable cause will also vary depending upon the type of intrusion. *See* LaFave, *Street Encounters and the Constitution: Terry, Sibron, Peters and Beyond,* 67 Mich. L. Rev. 40, 73-75 (1968). *Compare* RSA 594:2 I *with* RSA 594:10 I. "The presence or absence of probable cause is determined by reference to an objective standard designed to measure the probability or likelihood of criminal activity based upon a given set of facts and circumstances." *State v. Thorp,* 116 N.H. 303, 358 A.2d 655 (1976). The facts which are sufficient to constitute probable

cause to conduct an investigative stop need not reach the level of those needed to support an arrest or to sustain a conviction. *Adams v. Williams,* 407 U.S. 143, 145, 146, 149 (1972); *People v. Ingle,* 36 N.Y.2d 413, 420, 330 N.E.2d 39, 44, 369 N.Y.S.2d 67, 74 (1975). However, the action taken cannot be the product of mere whim, caprice, or idle curiosity on the part of the officer.

In summary, to justify a stop for an investigative check the officer must possess "articulable facts together with rational inferences from those facts" which judged by an objective standard warrant the conclusion that a man of reasonable caution would believe that the action taken was appropriate. *United States v. Brignoni-Ponce,* 422 U.S. 873, 878 (1975); *Commonwealth v. Swanger,* 453 Pa. 107, 307 A.2d 875 (1973). The officer's testimony contained in the agreed facts warranted the district court to find (1) that the officer stopped the defendant's van because of what he observed; (2) it was reasonable for him to believe that defendant's erratic operation resulted from defective equipment or a violation of the traffic laws such as driving under the influence or some other cause which made investigation appropriate; and (3) that the officer was acting in good faith. Defendant's motion to dismiss should be denied.

*Remanded.*

All concurred.