Nashua District Court
No. 7104

### STATE OF NEW HAMPSHIRE

v.

### CHARLES KOLOCOTRONIS

October 29, 1976

*David H. Souter,* attorney general, and *Edward A. Haffer,* assistant attorney general *(Mr. Haffer* orally), for the State.

*Prolman & Holland (Mr. Francis G. Holland* orally) for the defendant.

BOIS, J. The defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor. RSA 262-A:62 (Supp. 1975). The conviction was subject to a determination of an oral motion to dismiss which, after hearing, the District Court *(Harkaway,* J.) denied and reserved and transferred the defendant's exceptions.

According to the agreed statement of facts the State police officer had been operating his cruiser within the city limits of Nashua when he noticed defendant's vehicle proceeding at a slow rate of speed. The officer noticed the vehicle cross a portion of the solid line prior to making a right turn. He pursued and stopped the vehicle and eventually effected an arrest for "driving under the influence." The officer admitted that he had not begun his pursuit with the thought that a crime had been committed.

Defendant relies on RSA 106-B:15 for his argument that the arrest was unlawful. The statute provides that a State police officer "shall not act within the limits of a town having a population of more than three thousand or of any city, except when he witnesses a crime . . . ." Since Nashua is a city and the officer's pursuit was not initiated in the belief that a "crime" had been committed, the defendant challenges the officer's statutory authority to act.

We have previously observed that the restrictions on law enforcement embodied in RSA 106-B:15 are designed to minimize friction between law enforcement agencies and provide for the efficient use of the State police. *State v. Bennett,* 116 N.H. 433, 362 A.2d 184 (1976).

Notwithstanding the officer's personal judgment, it is evident from the agreed statement of facts that his pursuit was initiated by his observation of possible motor vehicle violations. *Id.; State v. Landry,* 116 N.H. 288, 358 A.2d 661 (1976); *see* RSA 262-A:21 and 262-A:2 (Supp. 1975) as well as 262-A:57 (Supp. 1975). We held in *State v. Bennett supra,* that motor vehicle violations constituted criminal activity within the meaning of RSA 106-B:15.

We conclude that in the instant case the officer had statutory authority to act, and that the resulting arrest was valid. *State v. Slayton,* 116 N.H. 613, 367 A.2d 575 (1976), decided this day.

*Exception overruled.*

All concurred.