Merrimack
No. 94-115

GORDON WELCH

v.

DIRECTOR, NEW HAMPSHIRE DIVISION OF MOTOR VEHICLES

July 19, 1995

MEMORANDUM OPINION

THAYER, J. The director of the division of motor vehicles appeals an order of the Superior Court (*Arnold*, J.) setting aside a determination of the division revoking plaintiff Gordon Welch's driver's license. The plaintiff appealed the revocation to the superior court, see RSA 263:75 (1993) (amended 1994) and RSA 265:91-d (1993) (amended 1993), and moved to dismiss the license revocation, alleging that the State trooper who arrested him acted without authority under RSA 106-B:15 (1990). The trial court granted the motion, which resulted in this appeal. We reverse and remand.

For the purposes of this appeal, the parties do not contest the following facts. At approximately 12:45 a.m. on September 4, 1993, an on-duty State trooper was parked in his cruiser at Dunkin' Donuts on South Willow Street in Manchester. An employee of Dunkin' Donuts approached the trooper and informed him that an intoxicated individual was leaving the parking lot. The employee informed the trooper that she had smelled alcohol on the man and pointed to a vehicle that was exiting the lot. The trooper followed the vehicle from the lot and eventually stopped the vehicle.

The plaintiff argued in his motion to dismiss that the State trooper had acted without authority based on RSA 106-B:15, which establishes the jurisdictional authority of the New Hampshire State Police. The statute provides in pertinent part that an employee of the State police "shall not act within the limits of a town having a population of more than 3,000 or of any city, except when he *witnesses a crime*." RSA 106-B:15 (emphasis added). The trial court found that the trooper had not witnessed a crime when he stopped the defendant, and that his actions did not fall within any of the other exceptions to RSA 106-B:15. The trial court, therefore, granted the plaintiff's motion to dismiss.

The State argues that the trial court erred as a matter of law in concluding that the State trooper had not witnessed a crime within the meaning of RSA 106-B:15 when he began pursuit of the

defendant. "In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. Willard*, 139 N.H. 568, 569, 660 A.2d 1086, 1087 (1995) (quotation omitted).

We have previously stated that RSA 106-B:15 "is a compromise between two objectives. The first objective is to minimize competitive friction between law enforcement agencies and to provide for the efficient deployment of the State police. The second is to enforce the criminal law." *State v. Bennett*, 116 N.H. 433, 435, 362 A.2d 184, 186 (1976). The importance of the second objective has justified a liberal interpretation of the statute. *Cf. State v. Kolocotronis*, 116 N.H. 611, 612, 367 A.2d 577, 578 (1976) (officer had authority to act even though he admitted he had not begun pursuit with belief that crime had been committed); *Bennett*, 116 N.H. at 434-35, 362 A.2d at 186 (violation constitutes a crime within the meaning of the statute).

A State trooper is authorized to act if "pursuit [of the vehicle] was initiated by . . . observation of [a] *possible* motor vehicle violation[]." *Kolocotronis*, 116 N.H. at 612, 367 A.2d at 578 (emphasis added). The State trooper in this case was informed that an individual who appeared to be intoxicated was leaving the parking lot in a vehicle. The trooper recognized the person providing the information as an employee of Dunkin' Donuts, and, while there is no evidence that they were personally acquainted, the trooper, as the witness well knew, had sufficient information to locate her should her information prove to be false or unfounded. The trooper could reasonably rely on information provided by an eyewitness. *State v. Corey*, 127 N.H. 56, 59, 497 A.2d 1196, 1199 (1985). "Absent some indication that the witness may not be telling the truth, such as the clear presence of bias, the police are not obligated to inquire into or to demonstrate the witness' credibility." *Id*. There is nothing in the record to suggest that the employee had a reason to be untruthful. Therefore, the trooper could properly rely on her information.

The employee informed the trooper that the man smelled of alcohol and appeared to be intoxicated, and pointed out the vehicle that he was in. *See State v. Arsenault*, 115 N.H. 109, 111, 336 A.2d 244, 245 (1975) (lay witnesses are qualified to identify intoxication). While the citizen did not inform the trooper that the intoxicated individual was operating the vehicle, the trooper could reasonably infer that fact from the information he was given. Operating a

vehicle while intoxicated constitutes a crime within the meaning of the jurisdictional statute. *See* RSA 265:82, I(a) (1993) (driving under the influence of drugs or liquor); RSA 265:82-b, I(a) (1993) (classifying conviction under RSA 265:82, I(a) as violation); *cf. Bennett*, 116 N.H. at 434-35, 362 A.2d at 185-86 (violation constitutes "crime" within meaning of RSA 106-B:15). Based on the information relayed to him by the employee, the trooper had sufficient facts to suspect that he had witnessed a possible crime within the meaning of RSA 106-B:15 when he saw the car leave the parking lot. *See Kolocotronis*, 116 N.H. at 612, 367 A.2d at 578. We hold, therefore, that the trial court erred in ruling that the trooper acted outside the jurisdiction granted by RSA 106-B:15.

*Reversed and remanded.*

All concurred.