Carroll
No. 95-687

## BREWSTER ACADEMY

v.

## TOWN OF WOLFEBORO

November 3, 1997

*Walker & Varney P.C.*, of Wolfeboro (*Robert C. Varney* on the brief and orally), for the plaintiff.

*Barto and Puffer, P.A.*, of Concord (*Mark H. Puffer* on the brief and orally), for the defendant.

*Rath, Young and Pignatelli, P.A.*, of Concord (*Brian T. Tucker* on the brief), for New Hampshire College and University Council, as *amicus curiae*.

*Paul F. Cavanaugh*, city solicitor, by brief, of Concord, for the City of Concord, as *amicus curiae*.

THAYER, J. The plaintiff, Brewster Academy (academy), appeals the Superior Court's (O'Neill, J.) denial of an abatement of taxes assessed against the academy by the defendant, Town of Wolfeboro (town). The academy argues that the town may not tax land appertaining to the academy's dormitories, dining rooms, and kitchens. The academy also challenges the superior court's ruling that a maintenance building and maintenance shed were taxable, even though the town had not taxed them. We reverse.

The academy is a not-for-profit, educational institution located in Wolfeboro. It holds title to eleven parcels of land, eight of which are contiguous and located between Route 28 and the shores of Lake Winnipesaukee; the remaining three parcels are located on the opposite side of Route 28. Every building and all of the land are used and occupied directly for the school's educational purposes. The academy's bylaws state that the institution's purpose is "the education, as nearly as possible free, of persons of good moral character, irrespective of age, sex, or color."

In 1990, the town re-evaluated all of the taxable properties located in Wolfeboro. According to the testimony of one selectperson, the town believed that many properties had been unfairly taxed and viewed 1990 as the year to begin assessing taxes "correctly." In calculating the academy's taxes, the town took the aggregate value of the academy's dormitories, dining rooms, kitchens, and land thereto appertaining, and taxed the academy to the extent that the aggregate value exceeded $150,000.

The academy petitioned the superior court for an abatement of its taxes. The academy argued that the town could tax the aggregate value of the dormitories, dining rooms, and kitchens in excess of $150,000, but could not tax the land appertaining to those buildings. The academy argued that the land was exempt under RSA 72:23, IV (1991) (amended 1993, 1994), despite the taxability of the buildings.

The superior court denied the academy's requested abatement. Further, the court found that the academy's maintenance building and maintenance shed were taxable, even though the town had not assessed taxes on those buildings. The academy appeals.

The academy argues that RSA 72:23, IV exempts the land appertaining to dormitories, dining rooms, and kitchens from taxation. "In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." Welch v. Director, N.H. Div. of Motor Vehicles, 140 N.H. 6, 8, 662 A.2d 292, 293 (1995) (quotation omitted). "We look first to the statutory language itself, and where possible, we ascribe the plain and ordinary meanings to

words used." *Gisonni v. State Farm Mut. Auto. Ins. Co.*, 141 N.H. 518, 519, 687 A.2d 709, 709-10 (1996) (quotations and citations omitted).

RSA 72:23, IV exempts from taxation certain real estate. The statute lists twelve types of buildings and structures that are exempt from taxation, including "dormitories, dining rooms, [and] kitchens." RSA 72:23, IV also exempts from taxation the land appertaining to those buildings and structures. Specifically, the statute exempts

[t]he buildings and structures of . . . academies . . . including but not limited to the dormitories, dining rooms, kitchens, auditoriums, classrooms, infirmaries, administrative and utility rooms and buildings connected therewith, athletic fields and facilities and gymnasiums, boat houses and wharves belonging to them and used in connection therewith, *and the land thereto appertaining* . . . .

RSA 72:23, IV (emphasis added).

■ The statute also provides, however, that "if the value of the dormitories, dining rooms and kitchens shall exceed $150,000, the value thereof in excess of said sum shall be taxable." *Id.* This provision neither includes the other nine types of buildings and structures previously exempted from taxation, nor includes "the land thereto appertaining." *Id.* Accordingly, the other nine types of structures, and the land appertaining to dormitories, dining rooms, and kitchens, remain tax exempt based on the plain language of the statute.

The town contends that the legislative history of RSA 72:23, IV indicates that the land appertaining to dormitories, dining rooms, and kitchens is taxable. Legislative history, however, "will not be consulted when the statutory language is plain." *Petition of Walker*, 138 N.H. 471, 474, 641 A.2d 1021, 1024 (1994). We "will not consider what the legislature might have said or add words that the legislature did not include." *State v. Harnum*, 142 N.H. 195, 197, 697 A.2d 1380, 1382 (1997) (quotation omitted).

The town further contends that our decision in *St. Paul's School v. City of Concord*, 117 N.H. 243, 372 A.2d 269 (1977), mandates a different result. We disagree. In *St. Paul's School*, the school argued that the land comprising its interior campus was tax exempt because it was used for school purposes, even though some of the buildings in connection with the land were not tax exempt under RSA 72:23. *See id.* at 257-58, 372 A.2d at 278. We rejected the school's

argument, holding that land was tax exempt only if the statute provides a tax exemption for the buildings in connection with that land. *Id.* at 258, 372 A.2d at 278-79. We explained that land appertaining to staff quarters was not tax exempt because staff quarters are not tax exempt under the statute. *See, id.*

In this case, RSA 72:23, IV specifically exempts from taxation dormitories, dining rooms, kitchens, and the land thereto appertaining. RSA 72:23, IV. The statute also provides a $150,000 exception for dormitories, dining rooms, and kitchens. *Id.* It does not, however, provide a $150,000 exception for dormitories, dining rooms, kitchens, *and land thereto appertaining. See id.* If the legislature had intended the land appertaining to dormitories, dining rooms, and kitchens to be taxable in excess of $150,000, it could have expressly so stated in the statute. We will not interpret RSA 72:23, IV to expand its application, as urged by the town, because we "can neither ignore the plain language of the legislature nor add words which the lawmakers did not see fit to include." *Appeal of Astro Spectacular, Inc.*, 138 N.H. 298, 300, 639 A.2d 249, 250 (1994) (quotation omitted).

■ The academy also argues that the superior court, in a tax abatement proceeding, erred by ruling that a maintenance building and maintenance shed were taxable, even though the town had not assessed taxes on those buildings. "The right to a tax abatement and the powers of the superior court in such proceedings are dictated solely by statute." *LSP Association v. Town of Gilford*, 142 N.H. 369, 373, 702 A.2d 795, 798 (1997); *see* RSA 76:17 (1991) (amended 1994, 1995). In *LSP Association*, we explained that "abate" for purposes of taxation means "to reduce in value." *LSP Association*, 142 N.H. at 373, 795 A.2d at 798 (quotation omitted). We further stated:

> Nothing in the language of the tax abatement statutes or our case law leads us to conclude that the superior court is authorized to take any action other than to decide whether a taxpayer is entitled to an abatement and, if so, in what amount. Indeed . . . any result to the contrary is plainly not a result any taxpayer seeking an abatement would anticipate.

*Id.* at 374, 795 A.2d at 798-99 (quotation and brackets omitted). Accordingly, the superior court has statutory authority to abate

taxes only on the property taxed and does not have the statutory authority to assess new taxes on untaxed property.

*Reversed.*

JOHNSON, J., did not sit; the others concurred.