Lima v. Decker                          CV-01-272-JD   10/28/02
                    UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


<u>Edwardina Lima</u>

        v.                              Civil No. 01-272-JD
                                        Opinion No. 2002 DNH 191
<u>Wesley C. Decker,</u>
<u>Kenneth E. Mulchahey,</u>
<u>and Town of Salem</u>


                              O R D E R


     The plaintiff, Edwardina Lima, brings a civil rights action,

pursuant to 42 U.S.C. § 1983, against the Town of Salem and Salem

police officers Wesley C. Decker and Kenneth E. Mulchahey,

arising out of her arrest and prosecution on charges of driving

while intoxicated.  Lima contends that the officers' actions

violated her Fourth Amendment rights and her due process and

equal protection rights under the Fourteenth Amendment.  Lima

also brings state law claims for negligence, false imprisonment,

and malicious prosecution.  The defendants move for summary

judgment, and Lima objects.[1]

_____

     [1]Lima, who is represented by counsel, did not file a
response to the motion for summary judgment within the time
allowed.  <u>See</u> LR 7.1(b).  After the deadline, she moved for an
extension of time to file an objection, which was granted.  She
did not file her objection or any other response on or before the
extended deadline.  She then filed a motion for an additional
extension of time, along with her objection.  Despite the
lateness of Lima's objection, the court will consider it.

## Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Torres v. E.I. Dupont de Nemours & Co., 219 F.3d 13, 18 (1st Cir. 2000). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See Anderson, 477 U.S. at 255.

## Background

On June 30, 2000, Edwardina Lima awoke at about 4:30 a.m. and drove to Salem to help her husband open the convenience store the family operated in Salem, New Hampshire. She then drove to Andover, Massachusetts, to her primary workplace, Adjulant, and worked until two or three in the afternoon. After work, she did

2

errands and then drove back to Salem to the convenience store to help her husband.  When they were ready to leave for the night, Mr. Lima asked his wife to drive home because he was very tired.  She was driving a car, purchased for their son, that she did not like to drive.

As she drove through Salem, New Hampshire, around 11 p.m., Mrs. Lima drove passed two stationary police cars.  One of the police cars pulled out and began to follow her as she drove along Veterans' Memorial Parkway, a one-lane road.  Salem Police Officer Wesley Decker saw the Limas' car driving well below the speed limit and also noticed that the car was weaving over the road in erratic movements.  Mrs. Lima states that she attempted to "change lanes" on the one-lane road to avoid Decker's headlights behind her but asserts that she did not cross the double yellow line.

Decker activated his lights and pulled the car over.  He approached the driver's side of the car and asked Mrs. Lima for her license and car registration.  Mrs. Lima was argumentative and refused to allow him to speak, but she produced her license and registration.  Mrs. Lima appeared to be very hyperactive; her arms were shaking, and she continually repeated her statements.  Decker asked Mrs. Lima if she had consumed alcohol, and she said that she had not.  He did not smell alcohol.

3

Salem Officer Kenneth E. Mulchahey arrived.  Both Decker and Mulchahey were trained, experienced, and state certified police officers.  Both were trained at the State Police Academy in conducting field sobriety tests and for recognizing other symptoms of intoxication.  Mulchahey was also a Drug Recognition and Evaluation Expert certified by the International Association of Chiefs of Police.  As part of his training, Mulchahey learned physical and behavioral symptoms to recognize intoxication due to different categories of drugs.  His training had been updated just two months before the incident involving Mrs. Lima.

Mrs. Lima agreed to take a series of sobriety tests.  Decker administered the tests while Mulchahey observed.  Mrs. Lima showed signs of intoxication in each of the three tests given.  She was unable to follow directions, and she argued with Decker's directions even when she was asked to stop.  She was very nervous throughout the tests.

Decker told Mulchahey that he had seen the car cross the double yellow line and the fog line before he made the stop.  Decker and Mulchahey agreed that Mrs. Lima showed symptoms that indicated that she was impaired.  Decker arrested Mrs. Lima for driving while intoxicated and transported her to the Salem Police Department.

At the Police Department, Mrs. Lima agreed to take a Breath

Test, which indicated a blood alcohol concentration of 0.0%. Mulchahey then conducted a Drug Recognition Evaluation ("DRE") examination. Mrs. Lima showed signs that she was under the influence of intoxicating substances. Her pulse was 130 beats per minute, above the normal range of 60 to 90. She began the tests without waiting for the instructions. During one test that required her to stand still and count, she swayed forward and in a circular motion throughout the test. She had difficulty with a balance test, and in four out of six tries she was unable to touch her index finger to her nose with her eyes closed.

Based on the test results on the DRE Chart and his experience, Mulchahey concluded that there was probable cause to believe that Mrs. Lima was impaired by a stimulant drug and a narcotic analgesic. Mulchahey then transported Mrs. Lima to Parkland Medical Center for a blood test. Mulchahey referred the matter to the Salem Police Department Prosecutor who filed a complaint against Mrs. Lima in Salem District Court.

The Salem Police Department received the test results several months later, on October 3, 2000. The results were negative for the six drugs tested. Despite the negative results, the prosecutor proceeded with the case against Mrs. Lima based on the observations reported by Decker and Mulchahey. The charges were dismissed before trial.

<u>Discussion</u>

In support of summary judgment, the defendants contend that Mrs. Lima cannot prove a Fourth Amendment violation and that her due process claim is precluded by the Fourth Amendment claim. They also contend that she cannot provide any evidence of discrimination in support of her equal protection claims. With respect to the claims against the town, the defendants assert that Mrs. Lima cannot show any town custom or policy that caused the alleged constitutional violations.[2] Alternatively, the defendants assert qualified immunity as to the civil rights claims against the officers. With respect to the state law claims, the defendants ask the court to decline supplemental jurisdiction, and alternatively, challenge the claims on the merits.

A. <u>Fourth Amendment Claim</u>

In Count One, Mrs. Lima alleges that all of the defendants violated her Fourth Amendment rights in the course of the stop, arrest, and prosecution. In her objection to summary judgment,

_____

[2] The court first addresses the merits of Mrs. Lima's constitutional claims and will only consider qualified immunity if a triable issue exists as to the asserted violations. <u>See</u> <u>Saucier v. Katz</u>, 121 S. Ct. 2151, 2156 (2001).

6

however, Mrs. Lima pursues her Fourth Amendment claim only as to Officer Decker. She argues that Decker lacked probable cause or reasonable suspicion to stop her car and lacked probable cause to arrest her for driving while impaired. Therefore, Mrs. Lima is deemed to have waived her Fourth Amendment claim as to the town and Officer Mulchahey.

### 1. The initial stop.

"The Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." United States v. Arvizu, 534 U.S. 266, 273 (2002) (quoting Terry v. Ohio, 392 U.S. 1, 9 (1968)). To satisfy the Fourth Amendment in making a Terry stop, an officer must have reasonable articulable suspicion that a criminal violation is occurring or is about to occur. See United States v. Velez-Saldana, 252 F.3d 49, 52 (1st Cir. 2001); United States v. Hunnicutt, 135 F.3d 1345, 1348 (10th Cir. 1998). In assessing whether reasonable suspicion existed, courts are to consider the totality of the circumstances, including the officer's experience and training, to determine "whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." Arvizu, 534 U.S. 273.

7

Before Decker activated his cruiser's lights and stopped the Limas' car, he saw the car driving slowly and weaving on a one-lane road. Mrs. Lima provides no description of her driving before the police cruiser began to follow her. She contends that she was driving "within" the speed limit but she does not contest that she was driving slowly. After she noticed the cruiser behind her, she became nervous and found it difficult to see due to the headlights. She confirms that she "changed lanes" on the one-lane road, and she does not dispute that she crossed the fog line on the right side of the road.

Therefore, despite Mrs. Lima's explanations, it is undisputed that Decker observed erratic driving before he stopped her. Decker believed, based on his training and experience, that the erratic driving indicated the driver might be impaired. See, e.g., State v. Melanson, 140 N.H. 199, 203 (1995); State v. Landry, 116 N.H. 288, 291 (1976). New Hampshire Revised Statute Annotated ("RSA") § 265:82 prohibits driving while under the influence of intoxicating liquor or a controlled drug. Based on the undisputed circumstances, reasonable suspicion existed that the driver of the Limas' car was driving while impaired, in violation of RSA 265:82. See, e.g., United States v. Dhinsa, 171 F.3d 721, 725 (2d Cir. 1998); United States v. Harris, 928 F.2d 1113, 1116 (11th Cir. 1991); State v. Galgay, 145 N.H. 100, 103-04 (2000).

8

2. The arrest.

A warrantless arrest must be supported by probable cause. See Diaz v. City of Fitchburg, 176 F.3d 560, 563 (1st Cir. 1999). "Probable cause exists if, at the time of the arrest, the collective knowledge of the officers involved was sufficient to warrant a prudent person in believing that the defendant had committed or was committing an offense." United States v. Link, 238 F.3d 106, 109 (1st Cir. 2001) (internal quotation omitted). The probable cause standard applies, and, if satisfied, an arrest is proper, without a need to balance the costs, benefits, or necessity of the arrest. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001).

Mrs. Lima was arrested after Decker observed her erratic driving, talked with her, administered field sobriety tests, and discussed the situation with Mulchahey. Mrs. Lima argues that probable cause was lacking because Decker did not decide to arrest her immediately after the field sobriety tests and because Mulchahey did not have an opinion before the arrest as to whether she was under the influence of a controlled drug. Mrs. Lima misconstrues Decker's statement that he had not decided to arrest her immediately after the field sobriety tests as an admission that he lacked sufficient indication of impairment to support

9

probable cause.  Instead, the undisputed evidence shows that Decker had probable cause to arrest Mrs. Lima, based on her conduct and test performance, and that he conferred with Mulchahey to confirm his impression.[3]

Mrs. Lima does not dispute that she was initially argumentative and would not allow Officer Decker to speak to her. She does not dispute that she was shaking and repeating her own statements.  During the field sobriety tests, Mrs. Lima was unable to follow Decker's directions; she continually swung her body in a circular motion; she was unable to stand on one leg for more than nine seconds; and she had difficulty walking in a straight line and turning.

Decker conferred with Mulchahey after observing Mrs. Lima's performance.  When Mulchahey concurred with Decker's impression of Mrs. Lima's impairment, Decker placed Mrs. Lima under arrest. A driver's unusual behavior and failure to perform field sobriety tests properly constitutes probable cause to support an arrest for driving while impaired.  See State v. Wong, 125 N.H. 610, 628 (1984); see also Ritz v. Breen, 2002 WL 519095, at *5 (D. Conn. Mar. 11, 2002); Bulanov v. Town of Lumberland, 2002 WL 181365, at *5 (S.D.N.Y. Feb. 6, 2002); Babers v. City of Tallassee, 152 F. Supp. 2d 1298, 1306-07 (M.D. Ala. 2001).

---

[3]It is undisputed that Mrs. Lima agreed to take the field sobriety tests.

10

B.  Substantive Due Process Claim

Mrs. Lima contends that the events surrounding the stop, arrest, and prosecution violated her substantive due process rights under the Fourteenth Amendment.  Claims that a plaintiff was stopped, arrested, or prosecuted without probable cause are not actionable as substantive due process violations.  See Albright v. Oliver, 510 U.S. 266, 274-76, 288 n.2 (1994); Britton v. Maloney, 196 F.3d 24, 28 (1st Cir. 1999).  Therefore, the defendants are entitled to summary judgment on Mrs. Lima's claim in Count Two that the defendants' actions violated her substantive due process rights.

C.  Equal Protection Claim

Ordinarily, an equal protection claim consists of two elements:  "whether the [plaintiff] was treated differently than others similarly situated, and (2) whether such a difference was based on an impermissible consideration, such as race."  Macone v. Town of Wakefield, 277 F.3d 1, 10 (1st Cir. 2002).  Alternatively, a plaintiff may be able to show a denial of equal protection by demonstrating a gross abuse of power or fundamentally unfair procedures.  See Collins v. Nuzzo, 244 F.3d 246, 251 (1st Cir. 2001).  When a plaintiff asserts discrimination only as to herself, constituting a class of one, she must show that she has been intentionally treated differently

11

than others similarly situated and that no rational basis exists for such treatment.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 104-05 (1st Cir. 2002).

Mrs. Lima asserts that she was stopped, arrested, and prosecuted without probable cause because she is of Portuguese descent.  As is discussed above, Mrs. Lima has not provided probative evidence that she was stopped or arrested without probable cause.  She has provided no evidence that the prosecutor was aware of her national origin in making her decision to prosecute Mrs. Lima.[4]  She has provided no evidence that she was treated differently in any of the circumstances of this case than others who were similarly situated.  Further, the record includes no evidence that the circumstances of this case constituted a gross abuse of power or fundamentally unfair procedures, nor has Mrs. Lima made any developed argument in that regard.

---

[4]In her affidavit, the prosecutor states that she decided to proceed with the prosecution, despite negative blood test results, because of Mrs. Lima's symptoms of impairment, as observed by Decker and Mulchahey, the results of Mulchahey's Drug Recognition Evaluation, and her own knowledge that drugs other than the six tested by the laboratory could impair a driver such as Mrs. Lima.

12

D.  Federal Claims Against the Town[5]

A municipality cannot be liable under § 1983 on a theory of respondeat superior based on the conduct of its employees.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  "Rather, liability can be imposed on a local government only where that government's policy or custom is responsible for causing the constitutional violation or injury."  Kelley v. Laforce, 288 F.3d 1, 9 (1st Cir. 2002).  Although a governmental custom or policy may be established by a single event, that will occur only "where 'the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.'"  Id. (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)).  Whether such authority exists depends on state law.  See Pembaur, 475 U.S. at 484-85.

Mrs. Lima contends that the town prosecutor was a final decisionmaker for purposes of deciding which cases to prosecute and, therefore, her decision to prosecute Mrs. Lima constitutes town policy.  Mrs. Lima provides no evidence or legal authority to show that the prosecutor was a final decisionmaker for the town, stating only that she "is indisputably an authorized decision maker for municipal liability purposes."  Obj. at 9.

---

[5]Although Mrs. Lima does not now pursue her Fourth Amendment claim against the town, in her complaint she brings the claim against all three defendants.

13

She cites no state law that establishes that town prosecutors generally, or the Salem prosecutor in particular, have final authority in deciding which cases to prosecute. Cf. Pembaur, 475 U.S. at 484-85; see also Kelley, 288 F.3d at 10. Therefore, Mrs. Lima has not shown a trialworthy issue as to whether the decision to prosecute her was made pursuant to town custom, practice, or policy. The town is entitled to summary judgment due to Mrs. Lima's failure to show a basis for municipal liability, in addition to the lack of evidence of an underlying constitutional violation.

E. State Law Claims

Mrs. Lima also brings state law claims of negligence, false imprisonment, and malicious prosecution. She alleges in the complaint that "pendant" jurisdiction exists as to the state law claims, which the court deems to be a reference to supplemental jurisdiction. See 28 U.S.C. § 1367(a). If supplemental jurisdiction is the only jurisdictional predicate for state law claims, ordinarily the court will decline jurisdiction once the federal claims are dismissed. See § 1367(c).

In this case, however, it appears from the complaint that Mrs. Lima and the town are of diverse citizenship.[6] See 28

---

[6]Mrs. Lima alleges that she resides in Methuen, Massachusetts.

14

U.S.C. § 1332(a). The complaint includes no allegations as to the citizenship of the defendant officers. If Officer Decker and Officer Mulchahey are both New Hampshire citizens, or citizens of a state other than Massachusetts, complete diversity of citizenship would exist, supporting subject matter jurisdiction under § 1332(a). In contrast, if either officer is a citizen of Massachusetts, along with Mrs. Lima, complete diversity does not exist, precluding subject matter jurisdiction under § 1332. See, e.g., Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Valentin v. Hosp. Bella Vista, 254 F.3d 358, 366 (1st Cir. 2001). The complaint also includes no allegations as to the amount in controversy. See § 1332(a).

Mrs. Lima bears the burden of showing that subject matter jurisdiction exists. See Velentin, 254 F.3d at 366; Pejepscot Indus. Park, Inc. v. Me. Cent. R.R. Co., 215 F.3d 195, 200-01 (1st Cir. 2000); Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996). Despite the defendants' argument that the court should decline supplemental jurisdiction, pursuant to § 1367(c), Mrs. Lima failed to address subject matter jurisdiction in her objection to summary judgment. Therefore, Mrs. Lima has failed to carry her burden of showing that subject matter jurisdiction exists on any basis other than § 1367(a).

Because the federal claims are now dismissed and Mrs. Lima's state law claims are not well articulated or developed, the court

15

declines to exercise supplemental jurisdiction as to those claims.  <u>See</u> § 1367(c).

Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 10) is granted.  The clerk of court shall enter judgment in favor of the defendants and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 28, 2002

cc:  Thomas J. Gleason, Esquire
     Donald E. Gardner, Esquire

16